UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN O'CONNNELL,<br>    Plaintiff | )<br>)<br>) |
| v. | ) COMPLAINT<br>) CA 04-30066 – MAP |
| METROPOLITAN LIFE INS. CO.<br>    Defendant | )<br>)<br>) |

## PARTIES

1. The Plaintiff, Susan O'Connell, is an individual who reside in South Hadley, Massachusetts.

2. The Defendant, Metropolitan Life Insurance Company (Metlife), is a duly organized business entity with a usual place of business in New York, New York.

3. At all times relevant herein, the Plaintiff was an employee of Monarch Life Insurance Co. in Springfield, Massachusetts and was insured by a managed Long Term Disability (LTD) plan administered by the Defendant MetLife.

## JURISDICTION

4. The United States District Court has jurisdiction of the Plaintiff's claims against MetLife by virtue of the provisions of the Employee Retirement and Income Security Act of 1974, 29 U.S.C.S §1001 et seq., and in particular 29 U.S.C.S §1132 (1) (B).

## FACTS

5. At all times herein, the Plaintiff was employed by Monarch Life Insurance Co. as a Policy Change Specialist.

6. As a result of bilateral knee pain and Reflex Sympathetic Dystrophy (RSD), the plaintiff last worked on September 29, 2000.

7. In spite of medical care, the Plaintiff's condition remains, and was adjudged totally disabled under the rules of the Social Security Administration.

8. The Plaintiff received LTD benefits from the Defendant through July 2, 2003.

9. The Defendant terminated Plaintiff's benefits based on her alleged failure to attend two scheduled Functional Capacity Evaluations (FCE).

10. The Plaintiff never refused to attend any FCE's.

11. The Plaintiff was aware of her required attendance at an FCE, and intended to attend such evaluation when it was scheduled

12. An FCE was scheduled for the Plaintiff in Worcester, MA.

13. The Plaintiff, on April 23, 2003, requested an agent of the Defendant that the FCE be scheduled closer to her home than Worcester, MA.

14. On or about April 23, 2003, the agent indicated that he would make calls to see if a closer FCE could be scheduled.

15. The agent never called or rescheduled an FCE. The Plaintiff was never notified of any scheduled FCE after her conversation of April 23, 2003.

16. Subsequently, the Defendant terminated the Plaintiff's benefits.

17. The Plaintiff appealed the Defendant's termination of her benefits, and on September 18, 2003 she was notified of the denial of her appeal.

## COUNT 1
## BREACH OF CONTRACT

18. The Defendant arbitrarily and capriciously terminated the Plaintiff's Long Term Disability benefits.

19. By refusing to reinstate the benefits for which the Plaintiff contracted, the Defendant breached its contract with her.

20. As a direct and foreseeable result of such breach of contract, the Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant, MetLife, in the amount of actual damages plus interest, costs and other relief as the court deems just and proper.

## COUNT II
## CLAIMS UNDER ERISA

21. By terminating Plaintiff's benefits under the MetLife Contract Long Term Disability, MetLife has wrongly denied the Plaintiff's benefits due under a qualified employee benefit plan.

22. As a direct and proximate result of such wrongful termination, the plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant, MetLife, in the amount of actual damages plus interest, costs and other relief as the court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

THE PLAINTIFFS

3-9-04    By: *William G. Cullinan* (signature)
WILLIAM G. CULLINAN
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
Fax (413) 746-2707
BBO No. 546110