UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-30066-MAP

SUSAN O'CONNELL,                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
METROPOLITAN LIFE INSURANCE         )
COMPANY,                            )
        Defendant.                  )

## ANSWER

The defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of the complaint as follows.

1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.    The defendant admits the allegations contained in paragraph 2 of the complaint.

3.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.    Paragraph 4 of the complaint states conclusions of law as to which no response is required.

5.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8.    The defendant admits the allegations contained in paragraph 8 of the complaint.

9.    The defendant denies the allegations contained in paragraph 9 of the complaint.

10.    The defendant denies the allegations contained in paragraph 10 of the complaint.

11.    The defendant admits that the plaintiff was aware of the necessity of her attendance at an FCE and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.    The defendant admits the allegations contained in paragraph 12 of the complaint.

13.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16.    The defendant admits the allegations contained in paragraph 16 of the complaint.

17.    The defendant admits the allegations contained in paragraph 17 of the complaint.

COUNT I - BREACH OF CONTRACT

18.    The defendant denies the allegations contained in paragraph 18 of the complaint.

19.    The defendant denies the allegations contained in paragraph 19 of the complaint.

20.    The defendant denies the allegations contained in paragraph 20 of the complaint.

COUNT II - CLAIMS UNDER ERISA

21.    The defendant denies the allegations contained in paragraph 21 of the complaint.

22.    The defendant denies the allegations contained in paragraph 22 of the complaint.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff's Complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974   ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA.   Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

Second Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Third Affirmative Defense

To the extent (and without admitting that) O'Connell is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

Fourth Affirmative Defense

To the extent (and without admitting that) O'Connell is entitled to benefits at this time, such immediate entitlement does not mean that O'Connell has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future

4

recovery from any disabling conditions (the existence of which

is denied), as well as the effect of different Plan

requirements, exclusions, or limitations.

### Fifth Affirmative Defense

The determinations by MetLife regarding O'Connell's claim

for benefits were not arbitrary and capricious, but rather were

reasonable based on the evidence submitted by O'Connell and

comprising the claim file, and were made in good faith, in

accordance with the terms of the Plan and applicable law.

### Sixth Affirmative Defense

All determinations made by MetLife with respect to

Plaintiff's claim for benefits were made in the interest of all

plan participants and beneficiaries and in accordance with the

terms and conditions of the plan documents.

### Seventh Affirmative Defense

The complaint, in whole or in part, is barred by the

applicable statutes of limitations.

METROPOLITAN LIFE INSURANCE COMPANY
By its attorneys,

James F. Kavanaugh, Jr. BBO # 262360
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated:    June 29, 2004
203822.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) on June 29, 2004

5