UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUSAN O'CONNELL,                )
           Plaintiff       )
                                )
                                )
v.                              )    Civil Action No. 04-30066-MAP
                                )
                                )
METROPOLITAN LIFE INSURANCE     )
COMPANY,                        )
           Defendant       )

ORDER REGULATING PROCEEDINGS
(JUDICIAL REVIEW OF OUT-OF-COURT
NONGOVERNMENTAL DECISIONS)
August 24, 2004

NEIMAN, U.S.M.J.

This case involves judicial review of an out-of-court decision of a nongovernmental decision-maker. That decision concerned a claim for benefits under an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Susan O'Connell ("Plaintiff") has invoked 29 U.S.C. § 1132 under which a civil action may be brought by a participant or beneficiary to recover benefits due and to enforce rights under the terms of a plan.

A. The Record for Judicial Review

Ordinarily the focal point of a court's judicial review of an out-of-court decision is the record on which that decision was made. *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 833-34 (1st Cir. 1997). *Cf. Sierra Club v. Marsh*, 976 F.2d 763, 769 (1st Cir. 1992) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402

(1971) with respect to judicial review of governmental decisionmaking on an "administrative record"). If the out-of-court decision was properly made, the record for judicial review is ordinarily available to one or more of the parties before the court.

Metropolitan Life Insurance Company ("Defendant") shall provide a copy of the proposed record for judicial review to Plaintiff by September 15, 2004. If Plaintiff claims that the record is incomplete or inaccurate in any way, she shall so notify Defendant by October 1, 2004. If no such notice is provided, then Defendant shall immediately file with the court each of the documents served on Plaintiff entitled "Agreed Record for Judicial Review." If Plaintiff does provide such notice to Defendant by October 1, 2004, the parties must confer by October 15, 2004, and attempt to ascertain an agreed record. If the parties come to an agreement, they are to promptly file an "Agreed Record for Judicial Review."

If the parties cannot agree upon the record, they shall file by October 27, 2004, a document entitled "Partial Record for Judicial Review" which contains the particular record upon which the parties agree. Then, by November 5, 2004, the parties shall file motions concerning any additional material they seek to have added to the record for judicial review, to which oppositions shall be filed by November 19, 2004.

B. <u>Scope of the Court's Review</u>

By October 15, 2004, the parties shall confer regarding the applicable scope of judicial review. If the parties disagree about the scope of the court's review, each party shall file with the court a memorandum of no more than seven pages double-spaced by November 5, 2004.

C. <u>Proposed Discovery About the Record or for Other Purposes</u>

If any party proposes that it is entitled to any further discovery or disclosure for the purpose of obtaining access to evidence that it might offer, at trial or in some other way, to supplement the record, it must file with the court by November 5, 2004, a submission showing cause for being allowed such discovery. Such submission shall be in the form of a memorandum of law of no more than five pages double spaced. The court expects the memorandum to address with a significant degree of particularity what discovery or disclosure is sought and why reason exists to expect that the discovery would be properly received to constitute or supplement the record, or for some other purpose, and how the proffered evidence would be material to the disposition of this action.

D. <u>Schedule</u>

The court hereby schedules a conference for December 2, 2004, at 2:30 p.m. in Courtroom I before District Judge Michael A. Ponsor (or in Courtroom III before Magistrate Judge Kenneth P. Neiman, if the parties consent to the magistrate judge's jurisdiction), at which time the parties' motions and responses to the instant order will be addressed. If the parties agree upon the record and the scope of review, and if neither party seeks further discovery, the conference is hereby cancelled and the parties shall abide by the following schedule:

i. Plaintiff shall file her motion for summary judgment by December 30, 2004.

ii. Defendant shall file its opposition and cross motion for summary judgment

by January 28, 2005, to which Plaintiff shall respond by February 11, 2005.

IT IS SO ORDERED.

DATED: August 24, 2004

                                       /s/ Kenneth P. Neiman
                                       KENNETH P. NEIMAN
                                       U.S. Magistrate Judge