UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-30066-MAP

_____
                                   )
SUSAN O'CONNELL,                   )
      Plaintiff,                   )
                                   )
v.                                 )
                                   )
METROPOLITAN LIFE INSURANCE        )
COMPANY,                           )
      Defendant.                   )
_____)

**OPPOSITION OF METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY**

Defendant Metropolitan Life Insurance Company ("MetLife") hereby opposes the request of plaintiff Susan O'Connell ("O'Connell") for further discovery. O'Connell has requested that she be permitted to take the deposition of Gary Inman, MetLife's Senior Disability Case Manager, regarding "the meaning of various notes and notations" contained in a Diary Review Report associated with O'Connell's claim file. Because the requested deposition testimony is irrelevant to the sole issue in this case, and because the Diary Review Report speaks for itself, O'Connell's request for further discovery should be denied.

**I.      Relevant Factual Background**

O'Connell worked for Monarch Life Insurance Company as a Policy Change Specialist until September 29, 2000, when she allegedly became disabled due to Reflex Sympathetic Disorder ("RSD") and bilateral knee pain. (See MetLife's Claim File, previously filed with the Court on October 27, 2004, at MET0124-0125). MetLife initially approved O'Connell's claim and began paying benefits effective January 3, 2001. (MET0035). MetLife terminated

O'Connell's claim as of December 17, 2002 based on insufficient evidence to support an ongoing disability at that time. (MET0100-0102).  Effective on January 24, 2003, MetLife conditionally reinstated O'Connell's claim after O'Connell submitted additional medical information.  (MET0140 and MET0125).  The reinstatement of O'Connell's benefits expressly was conditioned on O'Connell's participation in a Functional Capacity Evaluation ("FCE"). (MET0140).

On February 7, 2003, Dr. Norma Resto, O'Connell's internist, signed a prescription, authorizing O'Connell's participation in an FCE.   (MET0139).  On March 21, 2003, the vendor scheduling O'Connell's FCE informed MetLife that O'Connell refused to attend the FCE, even though she was informed that Dr. Resto had signed an authorization for the FCE.  (MET0125, Diary Review Report, attached to Plaintiff's Request for Further Discovery, at pp. 17, 18-19). On March 26, 2003, MetLife informed O'Connell by letter that a second FCE appointment was scheduled on April 7, 2003.  (MET0138).  O'Connell did not attend this second FCE appointment as well.  (MET0125; Diary Review Report, at p. 19).  There is no dispute that O'Connell did not attend the two scheduled FCE appointments (MET 0128-0129).   On April 23, 2003, O'Connell contacted her case manager at MetLife and informed him that she would attend an FCE that was closer to her home.  (MET0125; Diary Review Report, at pp. 20).

On July 8, 2003, MetLife terminated O'Connell's claim because she failed to satisfy the condition of her reinstatement by attending an FCE.  (MET0131-0133).  By failing to attend either FCE, O'Connell in effect failed to submit satisfactory proof of a continuing disability. MET0133).  On August 6, 2003, O'Connell appealed MetLife's termination decision on the ground that she would have attended an FCE appointment closer to her home.  (MET0128-0129). O'Connell also submitted a note from Dr. Resto stating that O'Connell probably would need to

2

schedule two sessions in order to complete the FCE examination. (MET0130). Nothing in Dr. Resto's note indicated that O'Connell medically could not attend an FCE. (Id.) Because O'Connell did not attend an FCE as required by the terms of her reinstatement and as authorized by her doctor, MetLife upheld its termination of benefits on September 18, 2003. (MET0124-0127).

**II.     Argument**

      A.     <u>The Requested Discovery Is Not Relevant to the Issue in This Case</u>

Federal Rule of Civil Procedure 26 provides that O'Connell is only entitled to discovery "regarding any matter, not privileged, that is relevant to *the claim or defense of any party*." (Emphasis added). The sole issue in this case is whether MetLife's termination of O'Connell's long term disability benefits was arbitrary and capricious. The arbitrary and capricious standard of review strictly limits the grounds upon which an administrator's discretionary determination can be disturbed. Most important, a reviewing court should not "substitute its judgment for that of the [decision-maker]." <u>Terry v. Bayer Corp.</u>, 145 F.3d 28, 40 (1st Cir. 1998) (brackets in original), <u>quoting</u> <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983). As the First Circuit emphasized in <u>Jestings v. New England Telephone & Telegraph Co.</u>, 757 F.2d 8 (1st Cir. 1985), it is for plan fiduciaries, and not courts, to choose between reasonable alternatives involving plan administration. <u>Id</u>. at 9. A reviewing court, therefore, should not determine which side it believes is right. <u>Doyle v. Paul Revere Life Ins. Co.</u>, 144 F.3d 181, 184 (1st Cir. 1998). Instead, the court should give administrators "considerable leeway to interpret and to apply" plan provisions, "setting aside those ... decisions only if they are arbitrary, capricious, or an abuse of discretion." <u>Diaz v. Seafarers International Union</u>, 13 F.2d 454, 456 (1st Cir. 1994).

The specific issue in this case is whether it was arbitrary and capricious for MetLife to terminate O'Connell's claim, where O'Connell's benefits were reinstated on the condition that she participate in an FCE, where O'Connell did not attend either of the two FCE appointments that had been arranged for her, and where O'Connell now claims that the reason she did not attend an FCE was because she wanted it to be scheduled closer to her house.  In determining whether MetLife's determination was arbitrary and capricious, the Court should limit its review to the information in MetLife's claim file at the time of MetLife's final determination on September 18, 2003.  See  Chandler v. Raytheon Employees Disability Trust, 53 F.Supp.2d 84, 85 n.1 (D.Mass. 1999); Kiley v. Travelers Indemnity Co., 853 F.Supp. 6, 13-14 (D.Mass. 1994); Jorstad v. Connecticut General Life Ins. Co., 844 F.Supp. 46, 56 (D.Mass. 1994).  No further discovery is necessary on this issue.

Here, the requested deposition testimony of Gary Inman regarding his "clarification" of various notes and notations in the Diary Review Report is irrelevant to the issue in this case because it has no bearing on whether MetLife's final decision to terminate O'Connell's benefits was arbitrary and capricious.   MetLife terminated O'Connell's benefits because she had failed to satisfy the condition of her reinstatement.  When MetLife finally terminated O'Connell's benefits on September 18, 2003, it reviewed and weighed the evidence in the claim file as of  that date.  Any deposition testimony from Mr. Inman today regarding his recollection of the various notes and notations in the claim file is entirely irrelevant to the simple issue at hand:  was it arbitrary and capricious for MetLife to terminate benefits on September 18, 2003, where O'Connell failed to satisfy  a condition of her reinstatement and where she now claims this failure was excused?  Thus, the requested discovery is irrelevant because it was not before

4

MetLife at the time MetLife made its decision to terminate benefits and it has no bearing on the issue in the case.

### B. The Diary Review Report Speaks for Itself.

O'Connell's request for further discovery should also be denied because the Diary Review Report, including its notes and notations, speaks for itself. All relevant information is contained within the body of this document, which was before MetLife at the time MetLife rendered its final decision regarding O'Connell's benefits. Any notes or notations that are not self-explanatory are either immaterial or irrelevant to the issue in this case. In addition, the plaintiff has not alleged (or identified) any note or notation in the Diary Review Report as being ambiguous. Thus, the requested discovery is irrelevant because the Diary Review Report is unambiguous and speaks for itself.

### III. Conclusion

For the foregoing reasons, MetLife respectfully requests that the Court deny O'Connell's request for further discovery.

METROPOLITAN LIFE
INSURANCE COMPANY
By its attorneys,

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the plaintiff's attorney by mail on 11/19/04
/s/ Johanna Matloff

/s/ Johanna L. Matloff
James F. Kavanaugh, Jr.
BBO# 262360
Johanna L. Matloff
BBO# 655178
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

214079.1

5